UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES SPICER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02760-SEB-TAB |
| | ) | |
| GEO GROUP, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Issuance of Process**

Plaintiff James Spicer is a prisoner currently incarcerated at New Castle Correction Facility ("NCCF"). Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

1

## II. Discussion

Mr. Spicer brings this action under 42 U.S.C. § 1983. He names the following defendants: (1) Mark Sevier, Warden to NCCF; (2) GEO Group, Inc. ("GEO"), a private organization that operates NCCF pursuant to a contract with the Indiana Department of Correction; (3) Captain Scudder, a captain at NCCF; (4) Ms. Jones, a case manager at NCCF; and (5) Sergeant Ndiaye, a sergeant at NCCF. He sues the defendants in their individual and official capacities and seeks injunctive and monetary relief.

On September 18, 2020, Mr. Spicer was housed in a cell with Jack McArdle. Mr. McArdle informed Sergeant Ndiaye that he did not want to share a cell with Mr. Spicer. Rather than separating Mr. McArdle and Mr. Spicer, Sergeant Ndiaye and Captain Scudder placed Mr. McArdle back in the cell with Mr. Spicer. Mr. McArdle had a history of prior assaults, including a knife assault on a staff member and a knife assault on another inmate.

After returning to the cell with Mr. Spicer, Mr. McArdle informed NCCF staff that if he was not transferred out of the cell, he would "get a charge." Dkt. 1 at 4. Officer Dunlap said she would "relay the message." *Id.* When Ms. Jones visited the cell several hours later, she claimed to know nothing of Mr. McArdle's threats against Mr. Spicer. Mr. McArdle then told Ms. Jones that he would "catch a charge" if she did not get him moved because he wanted away from "child molesters and check-ins." *Id.* at 5. Ms. Jones laughed in response to Mr. McArdle's statements.

Later that evening, Mr. McArdle attacked Mr. Spicer with a homemade knife. Mr. McArdle cut and hit Mr. Spicer. While trying to alert prison officials, Mr. Spicer was stabbed or "sliced" four more times. A sergeant appeared and ordered Mr. Spicer to cuff up. Mr. Spicer managed to disarm Mr. McArdle and "only then did help enter the cell." *Id.* at 6. Mr. Spicer was locked in a shower stall and waited over an hour for medical help. Although medical staff stated that he needed

stitches, Mr. Spicer did not receive follow-up care. As a result of his injuries, he experiences pain, numbness, and burning.

Mr. Spicer alleges that double-bunked inmates in protective custody are "under a stricter vetting procedure than those in general population" and that Warden Sevier and GEO failed to train and supervise NCCF employees concerning these procedures.

Based on the screening standard set forth above, Mr. Spicer's Eighth Amendment failure to protect claims **shall proceed** against Captain Scudder, Sergeant Ndiaye, and Ms. Jones. His Eighth Amendment failure to train claims **shall proceed** against Warden Sevier and GEO Group, Inc.

This summary includes all of the viable claims identified by the Court. If Mr. Spicer believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 25, 2021**, in which to identify those claims.

### III. Conclusion and Issuance of Process

The **clerk shall update** the spelling of defendant Sergeant Ndiaye's name on the docket.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to (1) Mark Sevier; (2) GEO Group, Inc.; (3) Captain Scudder; (4) Ms. Jones; and (5) Sergeant Ndiaye in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 1/26/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES SPICER
169513
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

GEO Group, Inc.
4955 Technology Way
Boca Raton, FL 33431

Warden Mark Sevier
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Captain Scudder
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Ms. Jones
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Sergeant Ndiaye
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Courtesy Copy to:
Christopher Cody
Hume Smith Geddes Green & Simmons, LLP
54 Monument Circle, Fourth Floor
Indianapolis, IN 46204-2996